UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
FRANCIS CROWLEY,

       Petitioner,

  -against-


UNITED STATES OF AMERICA,
       Respondent.
----------------------------------------------------------X

MEMORANDUM AND ORDER

CV 04-4342

(Wexler, J.)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ SEP 13 2005 ★

LONG ISLAND OFFICE

APPEARANCES:

    FRANCIS CROWLEY
    PETITIONER # 56090-053NC
    P.O. Box 2000
    Fort Dix, New Jersey 08640

    ROSLYNN R. MAUSKOPF, UNITED STATES ATTORNEY,
    EASTERN DISTRICT OF NEW YORK
    BY: DEBRA D. NEWMAN, ESQ., ASSISTANT UNITED STATES
    ATTORNEY
    Attorneys for Respondent
    147 Pierrepont Plaza
    Brooklyn, New York 11201

WEXLER, District Judge

    Petitioner Francis Crowley ("Petitioner" or "Crowley"), moves for an order pursuant to 28 U.S.C. § 2255, vacating a sentence of imprisonment imposed by this court in June of 2002. For the reasons set forth below, the Petition is denied.

## BACKGROUND

I.   <u>The First Trial and Post-Trial Motions</u>

    Crowley and a co-defendant were initially convicted after a jury trial before Judge Seybert in 1999 of one count of attempted sexual abuse, in violation of 18 U.S.C.

1

§2241(a)(1) (Count One of the Indictment) and one count of attempted sexual abuse, in violation of 18 U.S.C. § 2242(1) (Count Two of the Indictment). They were acquitted of two counts of abusive sexual contact, in violation of 18 U.S.C. §2244(a) (Counts Three and Four of the Indictment).

Following their convictions, the defendants filed post-trial motions for a judgment of acquittal or, alternatively, for a new trial. Defendants attacked the indictment and argued that it was required to set forth specific facts alleged to constitute the proscribed sexual act in order to comply with the Grand Jury Clause of the Fifth Amendment. Judge Seybert agreed that the indictment was defective and held further that Crowley was entitled to a voluntary intoxication charge. United States v. Crowley and Valjato, 79 F. Supp.2d 138 (E.D.N.Y. 1999).

The Court of Appeals for the Second Circuit agreed with Judge Seybert's ruling as to the charge of voluntary intoxication but reversed the decision insofar as it rested on the ground that the indictment was insufficiently specific. See United States v. Crowley, 236 F.3d 104 (2d Cir. 2000) ("Crowley I"). As to this issue, the Second Circuit held that Crowley had waived any objection to the indictment's lack of specificity by failing to raise it before trial as required by Rule 12(b)(3) of the Federal Rules of Criminal Procedure. Id. at 110. The Second Circuit further held that Crowley had failed to show the required "cause" to grant relief from the waiver. Id. In view of the fact that the appellate court agreed that Crowley was entitled to an involuntary intoxication charge, however, the case was remanded for a new trial. Id. at 111.

II.    The Second Trial and Conviction

On remand, the case was assigned to Judge Platt, who ruled on various pre-trial

motions. Before trial, however, the case was transferred to Judge Mishler, who presided over the trial. Following a five-day jury trial, the jury acquitted Crowley of the lesser charge of attempted sexual abuse but convicted him again of the more serious charge of attempted aggravated sexual abuse under 18 U.S.C. §2241(a)(1).

After trial, due to Judge Mishler's illness, the case was assigned to this court. On June 20, 2002, this court sentenced Crowley to a 108 month term of imprisonment. When imposing sentence, this court noted the 108-135 month range set forth in the Sentencing Guidelines. While the court recognized its right to downwardly depart from this range, it declined to do so. Nonetheless, this court imposed the lowest end of the guideline, sentencing Crowley to the term referred to above.

Crowley appealed his conviction and sentence to the Second Circuit and that court affirmed. See United States v. Crowley, 318 F.3d 401 (2d Cir. 2003) ("Crowley II"). Among the arguments raised and rejected on Crowley's appeal was the same challenge to the indictment raised earlier in the proceedings. Specifically, Crowley again argued that the indictment should have been dismissed because if failed to state, with sufficient particularity, the particular sexual act he was accused of attempting to commit. Crowley II, 318 F.3d at 419. Again, Crowley argued that this lack of specificity allowed the jury to convict him of a crime that was never considered by the grand jury that issued the indictment. Id.

As in his prior appeal, the Second Circuit held that Crowley waived the right to attack the alleged lack of specificity of the indictment. Because this prior ruling constituted the law of the case, the Second Circuit once again rejected Crowley's argument. Affirming the conviction, the Second Circuit noted that Crowley failed to

3

raise the objection before his second trial (as well as the first) and that his "effort to re-open the issue before this Court comes with especially little equitable appeal, smacking of precisely the sort of 'gamesmanship' the rule aims to prevent." Id. at 420, quoting Crowley I, 236 F.3d at 108.

The Second Circuit also rejected Crowley's argument that this court erred in sentencing him to the lowest range of the applicable sentencing guidelines on the ground that the court was unaware of the ability to downwardly depart from the sentence imposed. Upon review of the statements made by this court at sentencing, the Second Circuit held that this court did, in fact, understand its authority to downwardly depart, but refused to exercise its discretion to do as Crowley urged. Accordingly, the sentence was affirmed. Crowley II, 318 F.3d at 421.

III. The 2255 Petition: Grounds Asserted

Crowley now brings this Petition, pursuant to 28 U.S.C. §2255, seeking to overturn his conviction on five separately stated grounds. Crowley's first three grounds relate to the indictment and the government's theory in prosecuting the case. The fourth and fifth grounds assert ineffective assistance of counsel – ground four alleges ineffective assistance of trial counsel and ground five alleges ineffective assistance of appellate counsel. As discussed below, no ground has merit.

## DISCUSSION

I. Challenges to the Indictment – Grounds One, Two and Three

Crowley argues that the indictment was insufficient because it failed to state an offense for the charged crime of attempted aggravated sexual abuse because it did not specify which of the specific singular "sexual acts," as defined by 18 U.S.C. §2246(2), he

4

was alleged to have attempted to violate. Specifically, Crowley argues that an indictment charging no more than an attempt to force a generic "sexual act" without defining which "sexual act" a defendant is alleged to have attempted to violate, does not state an offense for the crime charged.

The second ground set forth in the petition attacks the indictment by arguing that it was constructively amended in violation of Crowley's Fifth Amendment right to be tried only on charges contained in a grand jury indictment. In support of this claim, Crowley states the government broadened the charged unlawful conduct from a single undefined attempt at a sexual act to two attempts in violation of the prohibition on constructive amendment of the indictment. Specifically, Crowley argues that the indictment failed to inform him of the "core of criminality" of the alleged offense, as required in United States v. Patino, 962 F.2d 263, 266 (2d Cir. 1992). Crowley argues that since the indictment failed to specify the precise nature of the alleged sexual act, no one can be sure what the grand jury had considered or intended to charge. In support of his argument, Crowley states that the grand jury heard testimony from the complainant that petitioner attempted both oral sex and digital penetration, each a "sexual act" as defined under 18 U.S.C. §2246(2). Crowley argues that since the indictment failed to specify the actions alleged to violate the statute there is no way to discern what the single "sexual act" charged was.

The third ground alleged in support of Crowley's petition charges a violation of the right to due process of law based upon the argument that the government's changing theory of the case materially impeded the effective presentation of his defense. This argument is factually intertwined with the previous argument in that Crowley again

5

argues error resulting from alleged changes in the particular unlawful sexual act with which he was charged. Specifically, Crowley states that the government, throughout the first trial and subsequent trial, asserted the theory that the single "sexual act" charged in the indictment was "oral sex." The digital penetration was the "approach" or substantial step to achieve the goal of attempted oral sex. Crowley states that defense counsel's trial strategy was impeded due to the focus on creating reasonable doubt regarding the attempted oral sex and not attempted digital penetration.

II.  Disposition of Indictment Challenges

    A.  General Principles

A petition pursuant to Section 2255 may be granted only "for constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes 'a fundamental defect which inherently results in a complete miscarriage of justice.'" Frost v. United States, 2002 WL 1941469 *2 (S.D.N.Y. 2002), quoting, Graziano v. United States, 83 F.3d 587, 590 (2d Cir. 1996). Section 2255 may not be used to "relitigate questions which were raised and considered on direct appeal." Riascos-Prado v. United States, 66 F.3d 30, 33 (2d Cir. 1995); Frost, 2002 WL 1941469 *2. Moreover, an issue may not be raised in the context of a 2255 motion if it could have been raised on appeal – whether it was, in fact, raised or not. Id. This bar exists unless the petitioner can show both "cause" for the failure to raise the claim and "prejudice" resulting therefrom. Id.

    B.  Grounds One, Two and Three Are Without Merit

The Court of Appeals for the Second Circuit has issued dispositive rulings on the precise issues raised in grounds one and two of Crowley's petition. Thus, the appellate court ruled not only that Crowley waived his challenges to the specificity of the

indictment by failing to raise those challenges before trial but also that the indictment properly charged the offense with sufficient specificity. Under these circumstances, this court may not address those claims in the context of this petition pursuant to Section 2255. See United States v. Crowley, 236 F.3d at 108 (holding that the indictment challenge should have been raised before trial and that the charging instrument "plainly" stated an offense because it was required to do no more than "track the language of the statute"); United States v. Crowley, 318 F.3d at 419-20 (failure to raise indictment challenge pretrial results in waiver).

Even if Crowley's first two indictment challenges were not procedurally barred, they would nonetheless be rejected on the merits. As to the first ground, it is well settled that an indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense. Hamling v. United States, 418 U.S. 87, 117 (1974); see also United States v. LaSpina, 299 F.2d 165, 177 (2d Cir. 2002). It is generally sufficient that an indictment set forth the offense in the words of the statute itself, as long as "those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence intended to be punished." Hamling, 418 U.S. at 117, quoting, United States v. Carll, 105 U.S. 611, 612 (1882). When the legal definition of a word is used, and is not used merely as a generic or descriptive term, the legal definition does not change with each indictment; it is a term sufficiently definite in legal meaning to give a defendant notice of the charge against him. Hamling, 418 U.S. at 118.

The term "sexual act" is not ambiguous because it is a legal term of art defined by statute, and thus a question of law as in Hamling. "Sexual act" is a term sufficiently definite in legal meaning to give a defendant notice of the charge against him. It is speculation to say there is no way to determine what the grand jury intended when it charged an attempt at a "sexual act." "Grand jury proceedings carry a 'presumption of regularity.'" United States v. Torres, 901 F.2d 205, 232 (2d Cir. 1990), quoting Hamling, 418 U.S. at 139. Crowley produces nothing to overcome this presumption, and his argument is insufficient to require disclosure of the grand jury minutes.

Crowley's constructive amendment argument similarly fails on the merits. Constructive amendment of an indictment is a per se violation of the grand jury clause of the Fifth Amendment. Patino, 962 F.2d at 265-66. An indictment is constructively amended when the proof at trial broadens the basis of conviction beyond that charged in the indictment. Id. at 265-66. Not every variance between the words of an indictment and evidence received at trial amounts to an impermissible amendment of an indictment. United States v. Ansaldi, 372 F.3d 118, 127 (2d Cir. 2004). An impermissible alteration of the charge is one that affects an essential element of the offense. United States v. Weiss, 752 F.2d 777, 787 (2d Cir. 1985). "Significant flexibility in proof," is permissible provided that the defendant was given notice of the 'core of criminality' to be proven at trial." Patino, 962 F.2d at 266, quoting, United States v. Heimann, 705 F.2d 662, 666 (2d Cir. 1983).

Applying these standards here, there is no question that the indictment and pretrial proceedings in this matter, including the victim's testimony, gave Crowley sufficient notice of the core criminality of the offense with which he was charged. See

8

Patino, 962 F.2d at 265-66 (indictment alleging use of "firearm" on specific date sufficient to support conviction based upon use of single firearm on that date or three firearms one week later). Accordingly, the court declines to hold that there was any impermissible amendment of the indictment.

While the third ground raised in the petition, i.e., that the government's "changing theory of the case" so impeded the preparation of a defense as to deprive Crowley of his right to due process of law, was not raised on Crowley's direct appeals, that claim is also barred from consideration. As noted above, a petition pursuant to Section 2255 is a not a substitute for appeal of issues actually raised as well as those that might have been raised. United States v. DeJesus, 161 F.3d 99, 102 (2d Cir. 1998). Such issues are barred from consideration absent a showing of cause for neglecting to raise the issue and prejudice stemming therefrom. Crowley shows neither here and this court therefore may not reach the issue. In any event, as with Crowley's other indictment challenges, the argument fails on the merits. The pretrial proceedings, two trials and appeals gave Crowley clear notice that the government would introduce proof that Crowley was responsible for the potential to be convicted based upon the two separate acts relating to digital penetration and oral sex.

III. Ineffective Assistance of Counsel

A. Legal Principles

The final grounds argued in support of the petition – Crowley's fourth and fifth grounds – argue that he was denied effective assistance of both trial and appellate counsel in violation of the Sixth Amendment to the United States Constitution.

A claim of ineffective assistance of counsel can be sustained only if the representation at issue fell below an objective standard of reasonableness and there is a reasonable probability that absent counsel's errors the outcome of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 687-88 (1984); Jackson v. Leonard, 162 F.3d 81, 85 (2d Cir. 1998); Li v. Phillips, 358 F. Supp.2d 135, 141 (E.D.N.Y. 2005).

All advice offered by counsel is not required to withstand a retrospective examination in a post-conviction hearing. See McMann v. Richardson, 397 U.S. 759, 770 (1970). Instead, all that is required is that the defendant and counsel use their best judgment as to the weight of the prosecution's case. So long as the challenged attorney is prepared with relevant facts and appropriate legal standards, strategic decisions regarding the challenging of evidence and witnesses cannot be second-guessed in an effort to support an ineffective assistance of counsel claim. United States v. DiPaolo, 804 F.2d 225, 234 (2d Cir. 1986); Gonzalez v. United States, 337 F. Supp.2d 419, 423 (E.D.N.Y. 2004).

In addition to setting the standard for effective representation of trial counsel, Strickland sets the standard for effective assistance of appellate counsel. See, e.g., Mayo v. Henderson, 13 F.3d 528, 533 (2d Cir. 1994). A petitioner alleging ineffective assistance of appellate counsel must prove both that: (1) appellate counsel acted objectively unreasonably in failing to raise a particular issue on appeal, and (2) absent counsel's deficient performance, there was a reasonable probability that defendant's appeal would have been successful. James v. Artus, 2005 WL 859245 *13 (S.D.N.Y. 2005). In the post-conviction stage, competent counsel is not required to raise each and

10

every issue and each and every appellate level. Instead, it is reasonable for appellate counsel to focus on stronger arguments. This court should not "second guess the reasonable professional judgments of appellate counsel as to the most promising appeal issues." Avincola v. Stinson, 60 F. Supp.2d 133, 148 (S.D.N.Y. 1999); see Jones v. Barnes, 463 U.S. 745, 754 (1983). Appellate counsel's failure to raise certain issues can only amount to ineffective assistance of counsel if "significant and obvious" issues were abandoned while "clearly and significant weaker" issues were pursued. Mayo, 13 F. 3d at 533. Counsel need not advance each and every non-frivolous argument made, even if "pressed to do so by his or her client." Li, 358 F. Supp 2d. at 141-42. Counsel is free to focus on those arguments that are likely to exceed and "winnow out" those that are weak. Id. An argument that counsel impermissibly focused on the wrong arguments can succeed only where it can be shown that the arguments ignored would have resulted in a granting of an appeal. Id.

B. Grounds Four and Five Are Without Merit

Applying the aforementioned standard by which counsel's performance is measured, this court rejects Crowley's trial and appellate Sixth Amendment claims.

I. Trial Counsel

The argument urged in support of Crowley's attacks on his trial counsel cannot form the basis for relief because they relate only to strategic decisions made in counsels' judgment. First, the court rejects Crowley's claim that his first attorney, Edward Shaw, wrongfully failed to move to dismiss the indictment and neglected to request inspection of the grand jury minutes. These were strategic decisions on counsel's part. Even if a motion to dismiss the indictment was made, it would clearly not have succeeded and, at

best, would have resulted in a refiled indictment. As far as not moving for inspection of the grand jury minutes, it is speculation to say that the grand jury may not have been properly instructed on the meaning of "a sexual act." Speculation about possible grand jury error is insufficient to require disclosure of the grand jury minutes. Torres, 901 F.2d at 233.

Petitioner's complaints about his second trial counsel similarly attack only matters of trial strategy and did not rise to the level of a constitutional violation. The failure of this counsel to raise the grounds referred to above with respect to the indictment and the grand jury minutes are rejected by this court for the same reasons referred to above.

Complaints regarding counsel's failure to call witnesses to support the voluntary intoxication defense and to discredit the complainant's credibility raise issues of trial strategy that courts seldom second guess. See United States v. Luciano, 158 F.3d 655, 660 (2d Cir. 1998). The decision "whether to call any witnesses on behalf of the defendant, and if so which witnesses to call, is a tactical decision of the sort engaged in by defense attorneys in almost every trial." United States v. Nersesian, 824 F.2d 1294, 1321 (2d Cir. 1987). This court need not make a retrospective examination of counsel's strategy, for counsel may have had legitimate reasons not to call particular witnesses.

Counsel's decision to downplay the government's theory regarding digital penetration, is similarly, a strategic decision. There is little doubt that this strategy was employed because counsel did not wish to highlight certain damaging evidence. It is also speculative to say, as petitioner does, that he would have been acquitted of Attempted

Aggravated Sexual Abuse if not for his counsel's alleged error in understanding the prosecution's theory.

The court can also find no error in failing to make certain motions, including failing to attack the government's Bill of Particulars and not moving to preclude any evidence of touching complainant's vagina. "[F]or purposes of effective assistance, not every possible motion need be filed, but rather, only those having a solid foundation." Nersesian, 824 F.2d at 1322. Petitioner's counsel may well have made a strategic decision regarding the challenging of the evidence, and in the aggregate, this would not be sufficient to show there is a reasonable probability the outcome of the proceedings would have been different given the amount of evidence against Crowley.

For the foregoing reasons, the court holds that petitioner Crowley received effective assistance of trial counsel and has failed to prove that "but for" any alleged improper conduct, the outcome would have been different.

    ii.    <u>Appellate Counsel</u>

The court reaches the same conclusion with respect to Crowley's claims of ineffective assistance of appellate counsel. First, Crowley argues that due to a conflict of interest counsel failed to raise the claim that petitioner was denied effective assistance of trial counsel. Appellate counsel represented petitioner during the pre-trial stage of his second trial, but failed to move to dismiss the indictment. Crowley argues that he was severely prejudiced because it would have provided the requisite "cause and prejudice" for the Second Circuit to finally reach the merits of argument that the indictment violated the grand jury clause.

Crowley's claim that his appellate counsel was conflicted and failed to raise the claim that petitioner was denied effective assistance of counsel is meritless. Crowley did not have a valid indictment challenge for reasons already mentioned, and this argument cannot support a Sixth Amendment claim.

Second, Crowley argues that since trial counsel raised the constructive amendment argument together with the "Grand Jury Clause" violation, which the Second Circuit deemed to be waived, the court never considered or reached the merits of the constructive amendment claim. Crowley argues that, but for this error, the result would have been different. Again, as discussed above, raising either of these arguments on the merits would not have resulted in a different outcome, so that failure to raise these issues cannot support the Sixth Amendment claim.

Next, Crowley states that appellate counsel failed to mention in his brief, or include in the Record of Appeal, trial counsel's pretrial motion to dismiss the indictment. As a result, it is argued that the Second Circuit was unaware that such a motion was made and Petitioner was therefore prejudiced. Even if this argument was preserved for review, it would have been rejected and the Second Circuit would not, as argued by Crowley, have ruled in his favor.

Crowley further faults his appellate counsel for failing to raise the claim that the trial court erred in its refusal to charge the defense of renunciation. Petitioner states that the Second Circuit declined to decide the question because petitioner did not raise it on appeal. As to this claim, the Second Circuit stated clearly that even if renunciation had been charged, it would not have likely resulted in an acquittal. Thus, that court

14

characterized the renunciation argument as both "novel in federal law, and perhaps lacking in jury appeal." Crowley II, 318 F.3d at 411.

Crowley next argues that counsel failed to raise the argument that his conviction of attempted digital penetration violates principles of double jeopardy. Petitioner claims that since the issue was decided in his favor at the first trial, any finding that petitioner touched the complainant's vagina by force is barred. As to this claim, the "Double Jeopardy Clause's general prohibition against successive prosecutions does not prevent the government from retrying a defendant who succeeds in getting his first conviction set aside, through direct appeal or collateral attack, because of some error in the proceedings leading to the conviction." Lockhart v. Nelson, 488 U.S. 33, 38 (1988). In this case, the Second Circuit remanded due to an error relating to the voluntary intoxication charge, which is an error in the proceedings that led to Petitioner's conviction. Accordingly, there was no double jeopardy violation.

Crowley also asserts is that his counsel incorrectly argued this court did not understand his authority to grant a downward departure of the sentence. This argument is expressly belied by the minutes of sentencing which acknowledge and reject the discretion to downwardly depart when imposing sentence.

In sum, Crowley has failed to prove that his appellate counsel acted objectively unreasonable in failing to raise any particular issue, and that absent counsel's deficient performance, there was a reasonable probability that Petitioner's appeal would have been successful. Accordingly, the court denies the claim that petitioner received ineffective assistance of appellate counsel.

15

## CONCLUSION

For the foregoing reasons, the petition pursuant to 28 U.S.C. §2255 is denied. The Clerk of the Court is directed to terminate the petition and close the file in this matter.

SO ORDERED

LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
September 13, 2005